UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASTE ACTION PROJECT,<br><br>　　　　　Plaintiff,<br>　v.<br><br>PSF MECHANICAL, INC.,<br><br>　　　　　Defendant. | No. 2:20-CV-01366-TL<br><br>Consent Decree |

This matter came before the Court upon the Parties' corrected Joint Motion for Entry of Consent Decree (Dkt. No. 24), the foregoing Stipulations of the parties,[1] the United States' notice of non-objection (Dkt. No. 25), and the Rose Foundation's letter (Dkt. No. 24-1). Having considered these materials, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This Court has jurisdiction over the parties and subject matter of this action.

2. Each signatory for the parties certifies for that party that he or she is authorized to enter into the agreement set forth herein.

---

[1] Counsel for the parties and Greg Wingard, Executive Director of Waste Action Project, signed the stipulation at Dkt. No. 24-1 at 2.  Kevin Beardslely, CEO of PSF Mechanical, Inc., signed the order and decree at Dkt. No 24-1 at 3.

Consent Decree
(No. 2:20-CV-01366-TL) - 1

3. This Consent Decree applies to and binds the parties and their successors and assigns.

4. This Consent Decree and any injunctive relief ordered within applies to the operation, oversight, or both by PSF of its facility at or about 9322 14th Ave. S., Seattle, WA 98108 (the "Facility"), which is subject to National Pollutant Discharge Elimination System Permit No. WAR000264 (the "NPDES permit").

5. This Consent Decree is a full and complete settlement and release of all the claims in the complaint and the sixty-day notices and all other claims known or unknown existing as of the date of entry of the Consent Decree that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operation of the Facility. These claims are released and dismissed with prejudice. Enforcement of this Consent Decree is WAP's exclusive remedy for any violation of its terms.

6. This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by WAP in this case or of any fact or conclusion of law related to those allegations, nor evidence of any wrongdoing or misconduct on the part of PSF.

7. PSF agrees to the following terms and conditions in full and complete satisfaction of all the claims covered by this decree:

    a. PSF will comply fully with all conditions of the NPDES permit and any successor, modified, or replacement permit authorizing discharges of stormwater associated with industrial activity from the Facility.

    b. PSF must provide written or emailed status updates to WAP **on a quarterly basis no later than fifteen days after the end of each calendar quarter** until the O&M

Manual and SWPPP updates are provided to Ecology.

    c.    For the duration of this Consent Decree, PSF will regularly electronically forward to WAP copies of all written communications to and/or from Ecology or EPA related to its NPDES permit or stormwater discharges from the Facility.

    d.    Subject to the force majeure provision of paragraphs 12 and 13, PSF will comply with the following treatment system implementation schedule:

        i.    PSF will submit a building permit and other currently unidentified approvals/permits promptly upon receiving Ecology approval and work authorization;

        ii.    PSF will promptly order necessary system components and materials upon receiving Ecology approval and work authorization;

        iii.    PSF will initiate onsite system assembly **by September 14, 2022**;

        iv.    PSF will complete system testing and performance evaluation by **November 15, 2022**; and

        v.    PSF will submit O&M Manual and Stormwater Pollution Prevention Plan updates to Ecology **within 30 days** of treatment system operation.

    e.    PSF will continue to work with SoundEarth Strategies, Inc. for purposes of the treatment system installation or notify WAP if PSF will no longer be working with SoundEarth.

8.    PSF will pay an additional Five Thousand Dollars ($5,000) towards the Payment in Lieu of Penalty for every month beyond December 31, 2022, that the treatment system described in Paragraph 7.d. is not complete and installed.

9. PSF will make payments **every six months**, dividing the total Payment in Lieu of Penalty of Two Hundred and Twenty Thousand Dollars ($220,000) into two payments of Seventy-Three Thousand Three Hundred and Thirty-Three Dollars and Thirty-Three Cents ($73,333.33) and one payment of Seventy-Three Thousand Three Hundred and Thirty-Three Dollars and Thirty-Four Cents ($73,333.34). The first payment will be **due six (6) months after the entry of this Consent Decree** and the following payments will be due **every six (6) months thereafter** until the entire Payment in Lieu of Penalty is paid. A check mailed and postmarked on or before six (6) months immediately following entry of this Consent Decree will be considered timely. For every day a payment is late, PSF will pay an additional Twenty-Five Dollars ($25) as stipulated damages for late payments. PSF may at any time pay the entire remaining balance of the Payment in Lieu of Penalty, plus any accrued late fees, to satisfy its obligation under this Consent Decree.

10. Payment in Lieu of Penalty required by the above paragraph will be made to the Rose Foundation for projects to address impairments to, and contribute to the improvement of, the water and/or sediment quality of the Duwamish River, as described in Exhibit 1 to this Consent Decree. The checks will be made to the order of the Rose Foundation and delivered to: Rose Foundation, 201 4th Street, Suite 102, Oakland, CA 94607. Payments will include the following reference in a cover letter or on the check: "Consent Decree, WAP v. PSF Mechanical, Inc., W.D. Wash. No. 2:20-CV-01366-TL." A copy of the checks and cover letters, if any, will be sent simultaneously to WAP and its counsel.

11. **Within ten (10) days** of entry of this Consent Decree by the Court, PSF will pay Sixty-Five Thousand Dollars ($65,000) to cover WAP's litigation fees, expenses, and costs (including reasonable attorney and expert witness fees) by check payable and mailed to Smith &

Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Richard Smith. PSF's payment will be in full and complete satisfaction of any claims WAP has or may have, either legal or equitable, and of any kind or nature whatsoever, for fees, expenses, and costs incurred in the Litigation.

12. A force majeure event is any event outside the reasonable control of PSF that causes a delay in performing tasks required by this Consent Decree that cannot be cured by due diligence. Delay in performance of a task required by this decree caused by a force majeure event is not a failure to comply with the terms of this Consent Decree, provided that PSF timely notifies WAP of the event; the steps that PSF will take to perform the task; the projected time that will be needed to complete the task; and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

13. PSF will notify WAP of the occurrence of a force majeure event as soon as reasonably possible but, in any case, **no later than fifteen (15) days** after PSF becomes aware of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include

    a. Acts of God, war, insurrection, or civil disturbance;

    b. Earthquakes, landslides, fire, floods;

    c. Actions or inactions of third parties over which defendant has no control;

    d. Unusually adverse weather conditions;

    e. Restraint by court order or order of public authority;

    f. Strikes;

    g. Any permit or other approval sought by PSF from a government authority to

CONSENT DECREE
(No. 2:20-CV-01366-TL) - 5

implement any of the actions required by this Consent Decree where such approval is not granted or is delayed, and where PSF has timely and in good faith sought the permit or approval;

  h. Litigation, arbitration, or mediation that causes delay; and

  i. COVID-19 related delays, including supply chain issues.

14. This Court retains jurisdiction over this matter while this Consent Decree remains in force.  And, while this Consent Decree remains in force, this case may be reopened without filing fee so that the parties may apply to the Court for any further order that may be necessary to enforce compliance with this Consent Decree or to resolve any dispute regarding the terms or conditions of this Consent Decree.  In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the parties must first attempt to resolve the dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute.  Such a meeting should be held as soon as practical but must be held **within thirty (30) days** after notice of a request for such a meeting to the other party and its counsel of record.  If no resolution is reached at that meeting or within thirty (30) days of the Notice, either party may file a motion with this Court to resolve the dispute.  The provisions of section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), regarding awards of costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, will apply to any proceedings seeking to enforce the terms and conditions of this Consent Decree.

15. The parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney

General and the Administrator of the U.S. EPA. Therefore, upon the filing of this Consent Decree by the parties, WAP will serve copies of it upon the Administrator of the U.S. EPA and the Attorney General.

16. This Consent Decree will take effect upon entry by this Court. It terminates **two years after that date, or sixty (60) days following the installation of the new treatment system**, whichever is later.

17. Both parties have participated in drafting this Consent Decree.

18. This Consent Decree constitutes the entire agreement between the parties. There are no other or further agreements, either written or verbal. This Consent Decree may be modified only upon a writing signed by both parties and the approval of the Court.

19. If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either party. The parties agree to continue negotiations in good faith to cure any objection raised by the Court to entry of this Consent Decree.

20. Notifications required by this Consent Decree must be in writing. The sending party may use any of the following methods of delivery: (1) personal delivery; (2) registered or certified mail, in each case return receipt requested and postage prepaid; (3) a nationally recognized overnight courier, with all fees prepaid; or (4) email. For a notice or other communication regarding this Consent Decree to be valid, it must be delivered to the receiving party at the one or more addresses listed below or to any other address designated by the receiving party in a notice in accordance with this paragraph 20.

**If to Waste Action Project**:

Greg Wingard
Waste Action Project
P.O. Box 9281
Covington, WA 98042
Email: gwingard@earthlink.net

**And to**:

Richard A. Smith
Savannah Rose
Smith & Lowney PLLC
2317 East John St.
Seattle, WA   98112
Email: richard@smithandlowney.com, savannah@smithandlowney.com

**If to PSF Mechanical:**

Kevin Beardsley
PSF Mechanical, Inc
11621 East Marginal Way S., Suite A
Seattle, WA 98168
Email:  kbeardsley@psfmech.com

**And to:**

Andy F. Rigel
Amit D. Ranade
Jake Ewart
Hillis Clark Martin & Peterson P.S.
999 Third Avenue, Suite 4600
Seattle, WA 98104
Email: andy.rigel@hcmp.com, amit.ranade@hcmp.com, jake.ewart@hcmp.com

A notice or other communication regarding this Consent Decree will be effective when received unless the notice or other communication is received after 5:00 p.m. on a business day, or on a day that is not a business day, then the notice will be deemed received at 9:00 a.m. on the next business day.  A notice or other communication will be deemed to have been received: (a) if it is delivered in person or sent by registered or certified mail or by nationally recognized overnight courier, upon receipt as indicated by the date on the signed receipt; or (b) if the receiving party

rejects or otherwise refuses to accept it, or if it cannot be delivered because of a change in address for which no notice was given, then upon that rejection, refusal, or inability to deliver; or (c) for notice provided by email, upon receipt of a response by the party providing notice from the party receiving notice.

Dated this day of 11th day of July 2022.

Tana Lin
United States District Judge

CONSENT DECREE
(No. 2:20-CV-01366-TL) - 9